Coven, J.,
concurring in part and dissenting in part. I concur with those portions of the majority opinion which hold that the Appellate Division has jurisdiction to hear this appeal as it involves a question arising out of a mental *119 health commitment, G.L.c. 123, §9(a); that the question is not moot because mental health commitments raise issues of great public importance that are capable of repetition, yet evading review, Guardianship of Doe, 391 Mass. 614, 618 (1984); and that the involuntary commitment by a doctor on an emergency basis under G.L.c. 123, §§12 (a) and (b) entitled the patient to request a hearing pursuant to § 12(b).
I respectfully dissent, however, from that portion of the majority opinion that holds that the patient was not entitled to a statutory hearing in the circumstances of this case.
The standard of review for the denial of the emergency hearing at issue here is not, as suggested by the majority, whether the hospital acted in good faith.
The statutory scheme governing mental health proceedings is based on the fundamental precept that an involuntary commitment to a hospital results in “a massive curtailment of liberty.” Commonwealth v. Nassar, 380 Mass. 908, 917 (1980), quoting Humphrey v. Cady, 405 U.S. 504, 509 (1972). See also Acting Supt. of Bournewood Hosp. v. Baker, 432 Mass. 101, 105 (2000). This proposition was most recently recognized in the legislative amendments to G.L.c. 123, which shortened the time in which a judicial proceeding must be held after an individual’s involuntary detention by a doctor, G.L.c. 123, §7, as amended by St. 2000, c. 249, §1; and which created the right to a hearing to contest the involuntary commitment where the patient has reason to believe that the admission is the result of an abuse, or misuse, of the emergency provisions of the statute. G.L.c. 123, §12 (b), as amended by St. 2000, c. 249, §1.
The provisions of §12 (b) were written by the Legislature as mandatory, not permissive. The statute requires that “the district court shall hold such hearing on the day the request is filed with the court or not later than the next business day."
The rationale of, and necessity for, that statutory mandate are illustrated by the facts in this case. On June 8, 2006, the patient was involuntarily committed to the Newton-Wellesley Hospital. The petition for his involuntary commitment was not filed, however, until June 15, 2006, well beyond the three-day requirement of G.L.c. 123, §12 (d). The failure to file a timely petition in compliance with the statute was solely the fault of the hospital. Recognizing the clear deprivation of the patient’s statutory rights, the judge dismissed the petition on June 19, 2006 and ordered the patient discharged.
After detaining the patient at the hospital on an involuntary basis for a period of eleven days without any judicial proceeding, and despite the judge’s unequivocal order that the patient be discharged, the hospital physician simply issued another order of temporary involuntary hospitalization pursuant to G.L.c. 123, §§12 (a) and (b). Fifteen minutes later, the same physician entered a progress note on the patient’s chart discharging him from his first commitment. Thus, the court’s unequivocal order discharging the patient because of the hospital’s violation of his statutory rights was then simply ignored by the hospital. Given the hospital’s conduct, the judicial order of discharge was purely illusory.[2]
The patient’s involuntary confinement for eleven days in violation of his statutory rights, followed immediately by his second involuntary commitment by the hospital in disregard of a judicial discharge order, constituted facts sufficient to require the court to take the simple step of holding a hearing, mandated by statute, to determine if the second involuntary commitment was the result of an abuse or misuse of the emergency provisions of the statute.
That the statute imposes a restraint on an individual’s liberty “compels the conclusion that the time limit on the holding of the hearing goes to the essence of the *120 public duty.” Hashimi v. Kalil, 388 Mass. 607, 610 (1983). Judicial proceedings created and mandated by the Legislature to review whether a person was properly confined to a hospital must be held “with the utmost dispatch.” Guardianship of Doe, supra at 620. The patient in this case was entitled to the minimal protection of a hearing no later than the next business day after his hearing request so that the court could determine whether his hospital admission was the result of an abuse or misuse of the statute.

 Indeed, counsel for hospital indicated at oral argument that the patient may have been held in restraints at the time of his putative “discharge.”