NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-352

COMMONWEALTH

vs.

AMANDA SWIFT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this appeal, the defendant, Amanda Swift, claims that her conviction for assault and battery should be vacated based on ineffective assistance of trial counsel, specifically, her attorney's failure to move for a required finding of not guilty directly after the Commonwealth declined to make an opening statement at her bench trial.  We affirm.

To prove ineffective assistance of counsel, the defendant must first show conduct amounting to "serious incompetency, inefficiency, or inattention of counsel -- behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer."  Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  Second, the deficient conduct must have "likely

deprived the defendant of an otherwise available, substantial ground of defence." Id.

The defendant premises her claim on the proposition that the prosecution must always deliver an opening statement providing sufficient evidence to sustain its burden of proof. We find no legal basis for that proposition. No Massachusetts appellate decision holds that the Commonwealth must make an opening statement. While trial "judges have inherent power to enter a finding of not guilty in a criminal case after the prosecutor's opening statement," Commonwealth v. Lowder, 432 Mass. 92, 99 (2000), and may do so in very limited circumstances, see id. at 100-103, nothing in Lowder suggests that the Commonwealth may not waive an opening statement.

Likewise, the defendant misplaces her reliance on the preliminary instructions set forth in the District Court's model jury instructions, which describe for the jury how the trial will proceed. See Criminal Model Jury Instructions for Use in the District Court 1.120 (2019). The model instruction, like Mass. R. Crim. P. 24 (a) (1), 378 Mass. 895 (1979), states the order in which opening statements will be given; neither the model instruction nor rule 24 requires an opening statement. See United States v. Graham, 146 F.3d 6, 10 (1st Cir. 1998) ("the government does not have an obligation to make any opening statement").

As the Commonwealth was not required to give an opening statement, defense counsel's failure to move for a required finding of not guilty when the Commonwealth waived its opening statement was not conduct so deficient that it would fail the performance prong of the Saferian formulation.

Moreover, even if an ordinary fallible lawyer would have been expected to move for a required finding of not guilty in these circumstances, counsel's failure to do so here did not deprive the defendant of a substantial ground of defense. If defense counsel had moved for a required finding after the Commonwealth waived its opening statement, the judge would have been obligated to allow the prosecutor an opportunity to outline the evidence she intended to present. A motion for a required finding of not guilty after a prosecutor's opening statement "should be denied unless it clearly appears from the opening statement that the defendant cannot be lawfully convicted and then only after the prosecutor has been made aware of the difficulty and fails or is otherwise unable to correct it." Lowder, 432 Mass. at 100-101, quoting People v. Kurtz, 51 N.Y.2d 380, 385 (1980), cert. denied, 451 U.S. 911 (1981). If a judge deems an opening statement insufficient, "[t]he prosecutor must then have full opportunity . . . to correct any ambiguity, error, or omission in the [opening] statement" (quotation omitted). Lowder, supra at 102.

3

The defendant makes no argument that the Commonwealth presented insufficient evidence to support her conviction, nor does the defendant contend that the prosecutor would have been unable to marshal sufficient evidence in an opening statement to survive a motion for a required finding.  Thus, the defendant was not prejudiced by trial counsel's failure to move for a required finding of not guilty when the prosecutor waived her opening.  See Commonwealth v. Vieux, 41 Mass. App. Ct. 526, 527 (1996), cert. denied, 520 U.S. 1245 (1997) ("failing to pursue a futile tactic does not amount to constitutional ineffectiveness").

Judgment affirmed.

By the Court (Massing, Henry & Grant, JJ.[1]),

Clerk

Entered:  November 5, 2024.

---

[1] The panelists are listed in order of seniority.

4