NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1194

COMMONWEALTH

vs.

HAROLD W. PARKER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of Violation of an Abuse Prevention Order, G. L. c. 209A, § 7, for sending the victim a sexually explicit video on Facebook.  On appeal, the defendant argues that the judge erred by denying his motions for required findings of not guilty.  He argues that the evidence presented by the Commonwealth was insufficient to establish a violation of the 209A order on a particular date, and insufficient to show that the defendant knew the terms of the order.  He also contends that the judge erred in denying his request for a bench warrant for a police officer, whom the defendant had summoned yet failed to appear at trial.  We affirm.

Background.  The victim and the defendant dated for one year.  On February 25, 2021, the victim obtained an emergency 209A order against the defendant.  Although two police officers unsuccessfully attempted to serve the defendant with the order, a third officer signed the return of service form on February 26th, and a box was checked indicating that personal service had been made.  At a hearing on March 1, 2021, the victim and the defendant appeared, and the judge extended the 209A order for one year.  The judge later extended the order again through March 1, 2023.  The order required that the defendant "[not] contact the plaintiff, in person, by telephone, in writing, electronically or otherwise."

In October 2021, the defendant sent the victim a Facebook message that included a video of a man masturbating.  The victim's mother called the police.  The victim showed the investigating officer what the latter described as "a Harold Parker message, a video of [the defendant's] privates," although the officer could not remember if he ever watched the video. The investigating officer did not seize the video, nor did he seize any accompanying Facebook messages.  Rather, the victim sent the video to the police via email.

At trial, the victim identified the man in the video as the defendant based on the man's voice and the cabinets in the

background.  Defense counsel objected to authentication of the video, arguing that the video did not depict the defendant.  The judge ruled that the witness identified the video and identified the defendant's voice, which was sufficient to admit the video.

The victim testified on cross-examination about a subsequent incident that occurred in August 2022, when the police were called to the victim's house to investigate whether the defendant violated the 209A order again by arriving outside her house.  A probation officer reviewed the defendant's GPS monitoring data and determined he did not enter the exclusion zone.  The victim testified at trial that she did not speak with the police officer who arrived at her home.  No evidence established who called the police in August 2022.  The defendant summonsed the responding officer as a witness to impeach the victim by showing that she made a false report of a 209A violation.  The officer did not appear at trial and the defendant requested a bench warrant.  The judge denied the request on the ground that the defendant's offer of proof failed to establish that the officer would give relevant testimony.

Discussion.  1.  Required findings of not guilty.  The defendant moved for required findings of not guilty after the prosecutor's opening statement and at the close of the Commonwealth's case-in-chief.  See Mass. R. Crim. P. 25 (b) (1)

3

- (2). In reviewing for evidentiary sufficiency, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). Inferences drawn from evidence, including circumstantial evidence, "need only be reasonable and possible; [they] need not be necessary or inescapable." Commonwealth v. Woods, 466 Mass. 707, 713 (2014), quoting Commonwealth v. Merola, 405 Mass. 529, 533 (1989).

a. Opening Statement. The Commonwealth gave a brief opening statement. The prosecutor told the jury that they would hear from the victim and the investigating officer. The victim would testify that she had a restraining order against the defendant and that he violated it. The investigating officer would testify that he responded to the victim's house and investigated the restraining order violation. The prosecutor explained that the jury would see the explicit video sent by the defendant. After the Commonwealth's opening statement, the defendant moved for a required finding of not guilty because the prosecutor did not allege all the elements of a 209A violation. Specifically, he argues that because the prosecutor used the term "restraining order" rather than "abuse prevention order," the Commonwealth could not prove the charge. The defendant also

4

alleged that the prosecutor did not explain the terms of the 209A order and did not allege that the defendant knew about the order.

"The proper function of an opening is to outline in a general way the nature of the case which the counsel expects to be able to prove or support by evidence." Commonwealth v. Kapaia, 490 Mass. 787, 794 (2022), quoting Commonwealth v. Fazio, 375 Mass. 451, 454 (1978). Although judges may enter a finding of not guilty after the Commonwealth's opening statement, such a motion "should be denied unless it clearly appears from the opening statement that the defendant cannot be lawfully convicted and then only after the prosecutor has been made aware of the difficulty and fails or is otherwise unable to correct it." Commonwealth v. Lowder, 432 Mass. 92, 100-101 (2000), quoting People v. Kurtz, 51 N.Y.2d 380, 385 (1980), cert. denied, 451 U.S. 911 (1981). The Supreme Judicial Court explained that a trial judge should enter a finding of not guilty after the prosecutor's opening statement only under two instances. Lowder, 432 Mass. at 101. First, when the prosecutor "clearly and deliberately" states a fact that would require an acquittal. Id. Second, when the prosecutor outlines "all operative facts" to be proven at trial, and those facts are legally insufficient to convict. Id.

5

The prosecutor's opening statement did not fall under either scenario.  The prosecutor did not admit any fact that precluded a conviction.  The use of the term "restraining order" rather than "abuse prevention order" did not preclude a conviction.  Not only did the judge use the term "restraining order" in jury instructions, but the Supreme Judicial Court has routinely used the term to refer to abuse prevention orders issued under Chapter 209A.  See, e.g., Commonwealth v. Walters, 472 Mass. 680, 681 (2015).  Second, the opening statement did not embrace "all operative facts" to be proven at trial.  During the Commonwealth's case-in-chief, the Commonwealth ultimately introduced evidence that the defendant was served with the 209A abuse prevention order, which in the light most favorable to the Commonwealth, established the knowledge element.  See Commonwealth v. Delaney, 425 Mass. 587, 592 (1997), cert. denied, 522 U.S. 1058 (1998) ("Clearly, a showing that a defendant was served with a copy of a court order is strong evidence that a defendant had knowledge that certain conduct would not be permitted and could result in a criminal conviction").  The judge did not abuse his discretion in denying the defendant's motion.

b.  Case-in-chief.  The defendant moved for a required finding of not guilty after the Commonwealth rested.  The judge

6

denied his motion.  On appeal, the defendant makes two arguments. First, he argues that the Commonwealth's evidence was insufficient to show that the violation occurred while the 209A order was in effect.  Second, he argues that the Commonwealth's evidence was insufficient to establish that the defendant knew about the terms of the 209A order.  We reject both arguments.

i.  Date of the violation of the 209A order.  The victim testified that she could not remember exactly when her mother called the police to report the Facebook messages and video, but that she "believe[d] it was around fall."  Later, the prosecutor asked the victim whether "the date that the police were called, is that the same day that you received the video," to which she answered, "Yes."[1]  The investigating officer testified that he responded to the victim's home on October 6, 2021.  It is undisputed that the 209A issued on March 1, 2021, and was renewed on March 1, 2022.

In the light most favorable to the Commonwealth, this evidence was sufficient to establish that the Facebook messages were sent when the 209A order was in effect in October 2021.  A rational jury could have inferred that because the victim testified that she received the Facebook messages on the day the

---

[1] The judge gave the prosecutor permission to ask leading questions on direct examination of the victim, who has autism.

7

investigating officer responded to the victim's home, the defendant violated the 209A order while it was in effect. The victim's testimony was sufficient. See Commonwealth v. Gonzalez Santos, 100 Mass. App. Ct. 1, 3 (2021) (no corroboration or supporting evidence required where victim's testimony alone established all elements of crime).

The defendant also contends that the responding officer's failure to view the Facebook messages and seize them as evidence means the Commonwealth's case was legally insufficient. This argument addresses the weight of the evidence, which is "a matter wholly within the province of the jury." Commonwealth v. Martino, 412 Mass. 267, 272 (1992). We discern no error of law.[2]

---

[2] The defendant does not argue on appeal that the testimony of the officer and the victim regarding the Facebook message was improperly authenticated digital evidence. "An item offered in evidence must be 'what its proponent represents it to be.'" Commonwealth v. Williams, 456 Mass. 857, 868 (2010), quoting Commonwealth v. Nardi, 452 Mass. 379, 396 (2008). When the relevance of digital messages depends on whether the defendant authored them, there must be sufficient evidence to allow a jury to conclude by a preponderance of the evidence that the defendant authored the messages. See Commonwealth v. Purdy, 459 Mass. 442, 447 (2011). Evidence to authenticate digital messages can include "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics." Id. at 447-448, citing Mass. G. Evid. § 901(b)(1), (4) (2011).

> "Evidence that the defendant's name is written as the author of an e-mail or that the electronic communication originates from an e-mail or a social networking Web site such as Facebook or MySpace that bears the defendant's name is not sufficient alone to authenticate the electronic

8

ii.  Defendant's knowledge.  The defendant argues that the Commonwealth failed to prove that he had knowledge of the 209A order and its terms.  We are not persuaded.  The Commonwealth can prove that the defendant knew of the contents of a 209A order by showing actual or constructive knowledge of the terms of the order.  See Commonwealth v. Crimmins, 46 Mass. App. Ct. 489, 491 (1999).  "Clearly, a showing that a defendant was served with a copy of a court order is strong evidence that a defendant had knowledge that certain conduct would not be permitted and could result in a criminal conviction."  Delaney, 425 Mass. at 592.  The investigating officer testified that another police officer personally served the defendant with a copy of the 209A order.  He testified that when an officer serves someone with an order, the officer typically reads the defendant the order.  The Commonwealth introduced the defendant's 209A order into evidence, which showed that a police officer signed the return of service portion of the order and checked a box stating that "I certify that I have served a copy

_____

communication as having been authored or sent by the defendant."

Id. at 450, citing Williams, 456 Mass. at 868-869.  Since this issue was not addressed in the appellate briefing, we do not reach the issue of whether the video was properly authenticated digital evidence.  See Travenol Lab., Inc. v. Zotal, Ltd., 394 Mass. 95, 97 (1985) (issue not raised in principal brief not considered).

9

of this Order upon the Defendant named in this Order by . . . delivering a copy in hand to the Defendant."  See Crimmins, 46 Mass. App. Ct. at 491-492 (signed return of service on 209A order was sufficient for jury to infer knowledge even when no box is checked denoting method of service).  Although the officer who served the 209A order did not testify at trial, that officer's testimony was not necessary to authenticate or admit the document.  See Commonwealth v. Shangkuan, 78 Mass. App. Ct. 827, 831-832 (2011) (209A order is admissible, even without testimony of serving officer, under official or public records exception to hearsay rule, and its admission does not violate confrontation clause).

Additionally, the defendant was also present at the court hearing on March 1, 2021, when the 209A order was extended for one year.  The defendant's presence at the hearing establishes knowledge.  Commonwealth v. Reddy, 85 Mass. App. Ct. 104, 112 n.7 (2014).  The defendant's reliance on Commonwealth v. Molloy, 44 Mass. App. Ct. 306 (1998), is unavailing.  In Molloy, the defendant did not appear at annual hearings to extend the 209A order and the Commonwealth entered no evidence that the defendant knew of the extensions.  Molloy, 44 Mass. App. Ct. at 307-308.  Here, the defendant was served with the 209A order and appeared in court for the extension hearing on March 1, 2021.

The judge did not err in denying the defendant's motion for a required finding of not guilty because the Commonwealth adduced sufficient evidence that the defendant knew of the 209A order and its terms.

2. Bench warrant. The defendant argues in the alternative that he is entitled to a new trial because the judge abused his discretion by failing to issue a bench warrant for the absent officer. We review a judge's decision whether to issue a bench warrant for abuse of discretion. See Commonwealth v. Degrenier, 40 Mass. App. Ct. 212, 215 (1996), citing Commonwealth v. Drew, 397 Mass. 65, 70 (1986). Likewise, we review a motion for a new trial for abuse of discretion. See Commonwealth v. Jacobs, 488 Mass. 597, 600 (2021). An abuse of discretion results from "a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotations and citations omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). When the motion judge was also the trial judge, as here, we accord "special deference." Commonwealth v. Robertson, 88 Mass. App. Ct. 52, 59 n.14 (2015).

Criminal defendants have the right under the Sixth Amendment to the United States Constitution to present witnesses for their defense and to compel their attendance at trial. See

11

Drew, 397 Mass. at 69-70, citing Washington v. Texas, 388 U.S. 14, 19 (1967). Such a right, however, is not absolute. See Commonwealth v. Blaikie, 375 Mass. 601, 608-609 (1978) (holding that defendant's constitutional rights to compulsory process were not violated where defendant failed to show that witness "had personal knowledge of relevant factors bearing on the credibility" of testifying witnesses). When reviewing a judge's denial of the defendant's request for a bench warrant, we must determine whether the witness was "necessary to an adequate defense." Drew, 397 Mass. at 69. Whether a witness is necessary requires that the judge "consider the proffered testimony in the light of other evidence." Id. at 70. There must be a showing that the witness's testimony would be "relevant, material, and not cumulative." Blaikie, 375 Mass. at 610.

The defendant failed to show that the officer's testimony would be relevant and material. After the officer failed to appear, the defendant proffered that the officer's testimony would come in for impeachment:

> "[The victim] had stated that she did not tell the police that [the defendant] came to her house in August of 2022. [The officer] would impeach that by saying, 'I spoke to [the victim], and she reported [the defendant] coming to the house in August of 2022.' So that would impeach her by saying, 'I never told the officer or the police that he came to the house.'"

12

The defendant based his offer of proof solely on the officer's police report. In the report, the officer wrote that upon arriving at the victim's house, "I spoke with parties on scene including the victim [], her brother and witness [] and her boyfriend []." The officer did not attribute any statements to the victim, nor did he state who called the police to report the purported 209A violation.

The police report did not support the line of impeachment proposed in the offer of proof. The defendant conceded that he based his offer of proof entirely on the police report because he did not have the opportunity to interview the officer. Impeachment by prior inconsistent statement, by its nature, requires that the witness made a prior statement. The officer did not attribute any statements to the victim. Based on the offer of proof and evidence to support it, there would have been nothing on which to impeach the witness. Drew, 397 Mass. at 70 (gauging whether witness is necessary by "consider[ing] the proffered testimony in the light of other evidence").

The defendant argues that it is possible that the officer would testify that the victim called 911 and made a false report. Yet this contention rests entirely on speculation. There is no evidence that the officer would have given this testimony. The defendant cites Commonwealth v. Degrenier,

supra, for the proposition that the defendant need not make any showing that the missing witness "would likely testify as the defendant hoped." Degrenier, 40 Mass. App. Ct. at 215 n.3 ("[w]e are unaware of any requirement upon the defendant in such circumstances to make a showing by way of affidavit that [the absent witness] would likely testify as the defendant hoped"). This does not negate the requirement to make a preliminary showing that the witness was necessary, i.e., that the witness's testimony would be relevant, material, and non-cumulative. The judge acted within his discretion to deny the request for a bench warrant.

On the record available, the officer's impeachment testimony would be, at best, collateral. See Commonwealth v. Chase, 372 Mass. 736, 747 (1977) ("Extrinsic evidence on a collateral matter may be introduced at trial for the purposes of impeachment only in the discretion of the judge"). The victim testified at trial that she did not speak with the officer about the defendant coming to her house in August 2022. In his police report, the officer wrote that he "spoke with" the victim. While this testimony might reveal a subtle shift in memory, it does not bear on the victim's tendency to make a false report of a 209A violation. This is especially true given that the August 2022 incident occurred after the October 2021 incident involving

14

the Facebook messages and video.  If this testimony rose to the level of impeachment, the judge was within his discretion not to issue a bench warrant for impeachment on a collateral matter.

There is no indication in the record why the officer failed to appear at trial.  The prosecutor asked the police prosecutor at Brockton for the officer's whereabouts, and the police prosecutor was unsure.  Although we do not commend the officer's unexplained failure to appear at trial, we cannot say that the judge abused his discretion by denying the defendant's request for a bench warrant.

Judgment affirmed.

By the Court (Neyman, Singh & Toone, JJ.[3]),

Clerk

Entered: January 28, 2025.

---

[3] The panelists are listed in order of seniority.