Welsh, J.
This is an appeal from the denial of defendants motions to vacate judgment, for relief from judgment and defendant’s motion for reconsideration of the foregoing motions.
We conclude that the appeal is not properly before us and that, in any event there was no abuse of discretion in the denial of defendant’s motions.
The case has had a lengthy procedural history. The plaintiff’s claim is based upon breach of contract by reason of failure to make repairs on certain premises owned by plaintiff in New Bedford. The action was commenced in 1992 and may fairly be characterized as a lengthy series of procedural missteps and faux pas by the defendant’s counsel.
A default was entered on March 12,1992, followed by a motion to assess damages and for attorney fees, which was marked for hearing on March 19,1992. On March 17, 1992, the attorney for the defendant appeared and filed a motion to remove default and to file an answer late. This motion was allowed. The docket showed no action until February, 1993, at which time a dismissal of the action was entered by reason of inactivity. See Standing Order 1-88 regarding Civil Caseflow Management. After two intermediate continuances, the case was assigned for trial on August 12,1993, at which time the defendant defaulted. On October 7,1993 and after hearing, with notice to defendant, a default judgment was entered in the amount of $93,533.06, plus costs. On October 18, 1993, a “motion to vacate judgment” was filed and after four intermediate continuances was allowed. The matter was again assigned for trial by May 17,1994. On that date the defendant defaulted yet another time. Still another motion to remove default was allowed. On January 23, 1996, a new counsel for plaintiff filed and obtained allowance of a motion to amend complaint. On March 5, 1996, after hearing, a finding for the plaintiff was made for $96,240, plus $4,250 for attorney fees and costs. Another motion to vacate judgment was filed by the defendant, and after hearing on April 11, 1996, was denied.
We need not explore in greater detail the labyrinthine course this case has taken. The judgment from which this appeal was taken was entered on March 5, 1996. No motion for a new trial or amendment of judgment under Rule 59 or for an amendment of findings under Rule 52(b) was filed. Rule 4(a), Dist./Mun. Cts. RADA prorides that a notice of appeal must be filed within 10 days after the date of entry of the judgment appealed from. That rule provides that a timely filed post-judgment motion to amend findings under Rule 52(b) or a motion for new trial or for amendment of judgment under Rule 59 will toll that time for filing of a notice of *46 appeal so that the 10-day appeal period will commence to run from the date of entry of the order disposing of such motion.
While the trial court may relieve a party of the consequences of a failure to file a timely notice of appeal on the grounds of excusable neglect, no such motion was ever filed. Neither the motion for relief from judgment under Rule 60 nor the related motion for reconsideration of the action taken on the motion to vacate should be construed as to operate to toll the time for filing a notice of appeal. Compare Pentucket Manor Chronic Hospital, Inc. v. Rate Setting Commission, 394 Mass. 233, 235-237 (1985). Failure to timely file the notice of appeal is fatal to this appeal.
Apart from this, appellant fails to demonstrate an abuse of discretion in the denial of his motions to vacate and for relief from judgment under Rule 60(b), Mass. R. Civ. R The party claiming abuse of discretion has the burden of demonstrating that no conscientious judge acting intelligently with full knowledge of the circumstances would have denied the motions. Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 433-434 (1979). The motion judge was not required to believe the affidavit furnished by the defendant’s counsel concerning the reasons for his failure to appear for trial and defend the action. See Alaimo v. Fredette, 4 Mass. App. Ct. 866 (1976).
The judge was not bound to believe, and evidently did not believe the statements in the affidavit. The denial of the motions cannot rightly be pronounced erroneous. Farley v. Sprague, 5 Mass. App. Ct. 764, 765 (1977). Also, the procedural history of failure to appear and defend on the several other instances that the case was on for trial was a factor properly to be weighed by the motion judge. Berube v. McKesson Wine & Spirits Co., supra at 431 n. 10.
It is ordered that the appeal be dismissed.
So ordered.