Crimmins, J.
Carole Barber (Barber), a former legal secretary who proceeded to trial as a pro se defendant, at which a jury verdict was entered for plaintiff James L. King d/b/a King Construction Co. (King) on both his claim and Barber’s counterclaims, appeals from the verdict and claims to be aggrieved by the denial of her request for a continuance for trial.
The underlying action involves a claim by King for payment for construction services rendered on behalf of Barber at Barber’s Wellesley, Massachusetts residence. Barber counterclaimed that the work was not performed in a workmanlike manner and that King, during the renovations, otherwise damaged her property. A trial date was set on April 7, 1999 for June 22, 1999. On June 15, 1999 Barber filed a motion for a continuance. The motion, on its face, stated as a reason that “[d]efendant has spoken with both witnesses ... neither of them are available on the date that is currently scheduled for trial.” A hearing was held on Barber’s motion on June 18,1999. Barber was not present. The motion was denied. Trial followed at which Barber did not object to proceeding to trial.[2]
“Whether a case shall be continued or proceed to trial is within the sound discretion of the judge.” Beninati v. Beninati, 18 Mass. App. Ct. 529, 534 (1984). The hallmark of judicial discretion is the “absence of arbitrary determination, capricious disposition, or whimsical thinking.” Davis v. Boston Elev. Ry., 235 Mass. 482, 496, 126 N.E. 841 (1920). In determining whether the judge abused her discretion, we ask whether Barber has demonstrated “that no conscientious judge acting intelligently with full knowledge of the circumstances would have denied the motions.” Barrett v. Pereira, 1997 Mass. App. Div. 45, 46.
A party seeking to continue a case for trial must comply with the requirements of Mass. R. Civ. P., Rule 40(c). In requesting a continuance because of witness unavailability, the requesting party must file an affidavit that (1) states the name of the witness, (2) if known, the address of the witness, (3) the facts to which the witness is expected to testify and the basis for the witnesses testimony, (4) the efforts that have been made to procure the witness’s attendance or deposition, and (5) the expectation the requesting party has of procuring the witness’s testimony or deposition at a future time. Nothing even closely meeting this requirement was submitted by Barber with her motion. While opposing counsel was present at the hearing *271 and may not have objected to a continuance, the “orderly management of the trial list is a legitimate concern of a judge and, while not necessarily a determinative consideration, ought not to be belittled.”[3] Beninati, supra at 535. Barber has failed to meet the heavy burden placed upon her of showing an abuse of discretion.
Accordingly, we dismiss this appeal.

 The record indicates that one of the two witness referred to in the motion was a contractor who performed work subsequent to King and the other was a member of the Wellesley Building Department. While subpoenas were served upon these individuals, the subpoenas do not indicate that witness fees and travel fees were tendered. See Mass. R. Civ. P., Rule 45(c); G.L.c. 233, §3. Neither does the record show that Barber sought to enforce her subpoenas in the manner provided by law. See G.L.c. 233, §6.

 A transcript of the June 18,1999 hearing of Barber’s motion for a continuance reflects that plaintiffs counsel did not oppose a continuance. The judge unsure as to why Barber was not present for a hearing on her motion, however, questioned whether counsel for plaintiff represented to Barber that he would appear and answer for both parties. Counsel for plaintiff stated “No.” Thereafter, the judge suspended the hearing for a second call. What opcurred at the second call is not included in Barber’s appeal. A party appealing has the obligation to provide the appellate panel with a full record.