LoConto, RJ.
Aggrieved by the dismissal of his complaint against the defendant, the plaintiff commenced this Dist/Mun. Cts. R. A. D. A., Rule 8C, appeal. We determine that the plaintiff’s appeal is without merit and untimely filed. Therefore, we dismiss the appeal. The following facts and issues are necessary for an understanding of this case.
Background. In May of 1999, the plaintiff engaged the defendant to perform certain masonry projects at his home. Some work had been performed and some money had been paid. However, by the year’s end, the parties came to a disagreement and the defendant left the job site. On September 20, 2000, the plaintiff commenced this action in the Worcester District Court seeking damages for breach of contract and unjust enrichment. Nothing dispositive on the case occurred until the filing by the defendant of an Order of Dismissal for the plaintiff’s failure to appear at his July 7, 2003 deposition. Folio-wing a hearing, an order was issued dismissing the plaintiff’s complaint, unless the plaintiff filed and served a certificate under the pains and penalties of perjury that he appeared for the taking of his deposition at the time and place convenient to defendant’s counsel and that he paid $500.00 as costs for his failure to appeal at his deposition and for the bringing of this motion.[1] Having failed to pay the $500.00 as costs, the defendant was unable to file and serve the above mentioned certificate, although he did attend the deposition. As a result, judgment of dismissal entered on March 9, 2004. On March 25, 2004, the plaintiff filed a motion seeking reconsideration of the judgment of dismissal. The court entertained the motion, but did not alter the decision. Thereafter, the defendant filed his Notice of Appeal on April 20,2004.
Timeliness of the Appeal. Rule 4, of the District/Municipal Courts Rules for Appellate Division Appeal requires that the notice of appeal shall be filed within ten days after the date of the entry of the judgment in the case being appealed. In this case, the claimed error is the entry of a judgment of dismissal on March 9, 2004. Instead of challenging the correctness of the court’s entry of the dismissal by a filing of a notice of appeal, the plaintiff filed a motion on March 25,2004, seeking reconsideration of the original motion to dismiss. The trial judge did reconsider his earlier decision, hut ordered that the dismissal stand. It is the court’s *40 decision that the dismissal order stand, issued on April 9, 2004, that has been appealed by a notice of appeal tiled on April 20,2004.
A motion seeking reconsideration of the court’s decision on the defendant’s motion to dismiss is governed by Rule 59(e) of the Massachusetts Rules of Civil Procedure. However, that rule requires the serving of said motion within 10 days after the entry of judgment. Upon satisfaction of the rule, the motion “tolls the time for taking an appeal from the judgment; the time does not begin to run again until after disposition of the motion. Mass. R. Civ. R, Rule 59(e) Reporter’s Notes - as amended, 1994. However, a motion for reconsideration made later than ten days after judgment “is considered to fall within Rule 60(b), which does not toll the appeal time.” Id.
In this case, the plaintiff did not file a Notice of Appeal within ten days after entry of the judgment of dismissal entered March 9, 2004. His filing of a motion seeking reconsideration after March 19, 2004 did not toll the time in which he could have appealed the trial judge’s order to dismiss the complaint. His failure to satisfy the rule is fatal. The failure to comply with the rule requires dismissal of the appeal.
Abuse of Discretion. Notwithstanding the untimeliness of the appeal, we address the merits of the trial judge’s order of dismissal. A denial of a motion seeking relief from judgment will not be disturbed except upon a clear showing of an abuse of discretion by the trial judge. Nolan v. Weiner, 4 Mass. App. Ct. 800 (1976). “There is no error of law amounting to an abuse of discretion simply because a reviewing court might have reached a different result.” Scannell v. Ed. Ferreirinha & Irmao, LDA, 401 Mass. 155, 160 (1987). “The party claiming abuse of discretion has the burden of demonstrating that no conscientious judge acting intelligently with full knowledge of the circumstances would have denied the motions.” Barrett v. Pereira, 1997 Mass. App. Div. 45, 46. The trial judge was acutely aware of the history of the case. Even the plaintiff agrees that the case was needlessly delayed and made more complicated than necessary, although he attributes said inaction to the defendant and his counsel. It is undisputed that the trial judge had the discretion to enter an order and impose a sanction in order to compel discovery. Mass. R. Civ. R, Rule 37. The plaintiff does not suggest that he was unaware of the order and admits that his failure to file a certificate in accordance with the courts order was a result of his failure to pay the $500.00 as required. The plaintiff’s explanation, contained in his pro se brief, for not satisfying the payment of the $500.00 is unpersuasive and irrelevant to the order of the court. Where the plaintiff has failed in his burden of demonstrating that the trial judge abused his discretion, we must dismiss the appeal.

 Unfortunately, the court’s original Memorandum of Decision reversed the parties’ names, and defaulted the defendant unless he met the obligations intended to be satisfied by the plaintiff. This error was not an impediment to the plaintiff’s ability to satisfy the court’s intended order.