Coven, J.
Following the plaintiffs opening statement to the jury in this slip and fall case, the defendants moved for a directed verdict. The motion was allowed, judgment was entered for the defendants, and the plaintiff filed this appeal.
The plaintiffs fall occurred on May 14, 2001. The plaintiff argued to the jury in his opening statement that on March 20,2001, nearly eight weeks prior to the date of his accident,[2] the defendants obtained a permit from the City of Cambridge to do work at 757 Massachusetts Avenue. The permit allowed NStar to dig a hole at that location, presumably to perform necessary utility work, and for Felix A. Marino, Inc. to pave the hole when the work was completed. The plaintiff emphasized to the jury that the only permit authorizing paving in the area in the two years prior to his accident was the March 20, 2001 permit issued to the defendants. The plaintiff further argued to the jury that on May 14,2001, he stepped off the sidewalk, literally ten feet away from where the paving occurred, onto a clump of asphalt, twisted his ankle and fell. He indicated that he would produce photographs of the asphalt, and stated that the defendants negligently created the hazardous condition which caused his fall.
Directed verdicts in jury trials are governed by Mass. R. Civ. R, Rule 50(a), which specifies two procedural stages at which a party may ask for a directed verdict; namely, (1) “at the close of the evidence offered by an opponent,” and (2) “at the close of all the evidence.” While neither Rule 50(a), nor any other Massachusetts rule of civil procedure, authorizes a directed verdict after an opening statement and before any evidence is presented, courts retain the power to direct a verdict at that time. Sereni v. Star Sportswear Mfg. Corp., 24 Mass. App. Ct. 428, 430 n.5 (1987).
An early statement of the law governing a directed verdict after a plaintiffs opening statement appears in Douglas v. Whittaker, 324 Mass. 398 (1949). There, Justice Ronan wrote:
The purpose of an opening statement is to introduce to the judge and the jury the particular action which is about to be tried and to acquaint them with the specific case.... The opening is a sort of preface as to what the judge and jury are about to hear in the proof of the case. An opening *192 may outline a case in a complete and comprehensive manner, embracing a multitude of details many of which are of little importance, or the opening may be brief, consisting of a few factual conclusions touching the essential issues. The extent that the evidence to be adduced in support of the action will be disclosed depends on which of these two types of opening is employed. Whether the opening shall be brief and to the point or lengthy with a minute recital of the proposed evidence depends upon the judgment of counsel. Before any ruling is made upon a motion for a directed verdict upon an opening, the judge must make certain that counsel has had a full opportunity to state fairly and in the main the evidence he relies upon to prove his case. For the purpose of ruling on the motion that evidence must be considered as true and also as if it had been introduced and had comprised all the evidence. The motion should be denied if the statements of counsel, treated as facts, together with all rational inferences of which those facts are susceptible, can, upon any reasonable view of those facts and inferences, be deemed sufficient to support the plaintiffs cause of action. On the other hand, if the opening plainly fails to show a cause of action the motion for a directed verdict may be granted. The plaintiff in such a case has no just cause of complaint. The time of the court should not be wasted in hearing a lost cause and the public should not be put to unnecessary expense arising from the trial of a case already shown to be lacking in merit. The opening is to be examined with care and the power to dispose of the case on the opening must be exercised cautiously. It should not be exercised until it is apparent that the plaintiff cannot supply the evidence necessary to establish his case. Cases should be decided upon sworn evidence rather than upon an anticipatory statement of counsel which might bear little resemblance to the available evidence. In instances involving close questions, the safer course is to hear the evidence. The general principles governing the appropriate application of this procedure have been stated in our decisions with sufficient amplitude and clarity to make unnecessary further discussion.
Id. at 399-400. More recently, in Commonwealth v. Lowder, 432 Mass. 92 (2000), the Supreme Judicial Court cited Whitaker in its discussion of a court’s authority to enter a required finding of not guilty after the prosecutor’s opening. The Court stated that before any such finding is entered, the court should permit counsel to be heard, should bring to counsel’s attention any deficiencies it perceived in the opening, and should allow counsel a “full opportunity to explain why he thinks that the judge’s impression is erroneous and to correct ‘any ambiguity, error, or omission in the opening statement’"(citation omitted).[3] Lowder, supra, at 102.
While acknowledging that mere speculation, conjecture or surmise would not satisfy his burden of proving negligence, Cherick Distributors, Inc. v. Polar Corp., 41 Mass. App. Ct. 125, 126 (1996), the plaintiff still argues that the jury could have reasonably inferred from the facts outlined in his opening that the defendants created the dangerous condition which caused his fall. We disagree. Contrary to his argument on this appeal that he twisted his ankle on an asphalt clump at the “exact location” where the paving occurred, the plaintiff’s opening statement indicated that the asphalt clump was ten feet away from the construction location. Further, *193 nothing was stated about the asphalt’s condition that would have permitted an inference that the color, appearance, or mixture of the asphalt in the clump was consistent with the asphalt used to pave the hole at the defendants’ work site.[4] The jury was left with nothing more than the contention that there was a clump of asphalt ten feet away from where paving had occurred some five to eight weeks before the plaintiff’s fall. In the absence of additional facts, the necessary causal connection between the defendants’ paving work and the asphalt clump could have been established only by surmise and conjecture. Stated alternatively, at the close of the plaintiff’s opening statement, the jury had no evidence as to who created the condition that caused the plaintiff’s fall.
The allowance of the defendants’ directed verdict motion is affirmed. Appeal dismissed.
So ordered.

 The plaintiff incorrectly referred in his opening statement to this time period as six weeks and, at another point, as five weeks.

 In this case, a sidebar conference on the defendants’ motion was held. However, what was stated at the sidebar was inaudible, and it appears that the parties did not attempt to reconstruct what was said for inclusion in the record on this appeal. See Dist./Mun. Cts. R. A. D. A., Rule 8C(c) (4).

 The photographs referenced in the plaintiff’s opening statement were intended to indicate only that the jury would be able to discern that the clump was made of asphalt. The plaintiff did not refer to any photographs of the area that had been paved, or of the asphalt used in that area.