McCallum, J.
This is a summary process action involving commercial property in Hyannis. The parties entered into an agreement for judgment as to possession, and after a jury trial, judgment entered in favor of the plaintiff-lessor for unpaid rent. The defendants have appealed several pretrial rulings and the court’s refusal to instruct the jury on the covenant of quiet enjoyment.
On September 1, 2000, the plaintiff, Independence Park, Inc. (“Independence”), entered into an agreement to lease commercial property to the defendant, Sentinel Products, Inc. (“Sentinel”), a manufacturer of high-tech equipment. The property, located at 96 Airport Road in Hyannis, consisted of a two-floor building (ground level and basement) measuring 40,000 square feet. The lease term was five years, commencing August 15, 2000. The president of Sentinel, defendant John Bambara (“Bambara”), signed the lease both as president and in his personal capacity.
On July 18, 2005, during the final year of the lease, Independence filed a summary process complaint against Sentinel and Bambara in Barnstable District Court, seeking possession and $153,050.23 in unpaid rent. The defendants answered on July 21,2005, denying that they owed Independence any rent, and raising as affirmative defenses that Independence had waived its right to recover past due rent, that *28 the lease was void because of impossibility or frustration of purpose, and that they “were fraudulently induced to enter into the Lease and were compelled to remain in the Premises because of economic duress.” As to fraud, the defendants argued, in substance, that Independence had misrepresented the load capacity of the ground-level floor, which began to crack under the weight of their equipment after the defendants took possession.
On August 11, 2005, the parties’ attorneys executed an “Agreement for Partial Judgment,” granting possession of the premises to Independence, with execution to issue on September 15, 2005. The agreement further provided “[t]rial as to damages/rent only.” Nearly sixteen months later, on December 5,2006, the trial court scheduled a jury trial on Independence’s claim for January 29,2007. The defendants’ attorney thereafter moved to withdraw as counsel on December 29, 2006, which the court allowed on January 12,2007. The defendants then moved to continue trial on January 18, 2007, which the court allowed that same day. In the margin of the defendants’ motion, the court wrote, ‘Trial scheduled for 8 March 2007 (9:00 a.m.). Corporate defendant must have counsel ready for trial. No further continuances for defendants.”
In early March, 2007, the defendants’ new counsel filed a seven-count complaint against Independence in Barnstable Superior Court.[3] The gist of the complaint, dated March 1,2007, was that Sentinel and Bambara had agreed to lease the building based on the representation by Independence’s then president, Paul Lorusso, that the ground-level floor could support the defendants’ equipment; that after taking possession, the concrete floor started to crack from the weight of the equipment; and that the defendants lost employees, clients, and revenue because of the building’s unsafe condition.
The defendants’ new counsel thereafter appeared in Barnstable District Court, and moved to consolidate the district and superior court actions. In the alternative, he presented a motion to continue trial based on the unavailability of two witnesses whose testimony was material to his clients’ defenses. He also moved for a continuance for adequate time to prepare for trial.[4] The court denied the defendants’ continuance motion based on the unavailability of material witnesses after an ex parte hearing on March 6, 2007. It denied the remaining motions on March 8,2007, and called the case to trial.
After a two-day jury trial, the court entered judgment for Independence in the amount of $153,050.23. Sentinel and Bambara thereafter filed this Dist./Mun. Cts. R. A. D. A., Rule 8C appeal, challenging the court’s denial of their motion to consolidate, two motions to continue, and request for a jury instruction on the covenant of quiet enjoyment.[5]
*29 1. The defendants’ first argument that the trial court abused its discretion in denying their motion to consolidate is without merit. In that motion, the defendants requested the district court judge “to consolidate this [summary process] action with the civil complaint now docketed in Barnstable Superior Court..., and transfer this action to that court” By court rule, however, a district court judge may consolidate only cases pending in a single District Court Mass. R. Civ. R, Rule 42(c). Our rules instruct, instead, that “[a] party ... seeking to have ... related actions [pending in both District and Superior Court] heard by a single justice shall file a motion to transfer in the Superior Court Department pursuant to G.L.c. 223, §2B and then a motion to consolidate pursuant to Mass. R. Civ. P., Rule 42(a) in the court to which the transfer is made.” Requests for Interdepartmental Assignments, Trial Court Rules (2008). As the defendants failed to follow this procedure, their motion to consolidate was properly denied.
2. The defendants next argue that the trial court abused its discretion in denying their motion to continue trial based on the unavailability of material witnesses. In a supporting affidavit, Bambara averred that he had contacted two former officers of Sentinel, Bob Hooper (“Hooper”) and Dale Perkins (“Perkins”), but that neither would be available to testify at trial on March 8, 2007. As an offer of proof, Bambara stated that Hooper, former vice president of manufacturing, had witnessed “the unsuitability of the building,” and would testify that Independence had refused to make repairs. Bambara further stated that Perkins, former vice president of operations, had hired a consultant to examine the crumbling floor, and was the “only witness ... who c[ould] identify such expert witness and present the corporate business records at trial that would prove we were justified in our actions.”
“A trial judge’s ruling on a continuance, positive or negative, is not to be disturbed on appeal except for abuse of discretion or some other error of law.” Hunnewell v. Hunnewell, 15 Mass. App. Ct. 358, 363 (1983). “The party claiming abuse of discretion has the burden of demonstrating that no conscientious judge acting intelligently with full knowledge of the circumstances would have denied the motions.” Barrett v. Pereira, 1997 Mass. App. Div. 45, 46. To justify a continuance because of the unavailability of a witness, the requesting party must inform the court, by affidavit, of “the efforts which have been made to procure [the witness’s] attendance or deposition.” Mass. R. Civ. P., Rule 40(c). See King v. Barber, 2000 Mass. App. Div. 270. Here, nothing in Bambara’s affidavit, or in the record, demonstrates that the defendants exercised due diligence to secure Hooper and Perkins for trial. In his rule 40(c) affidavit, dated March 2, 2007, Bambara stated merely that “I have personally contacted Mr. Bob Hooper and Mr. Dale Perkins, seeking to have them available for trial this upcoming Thursday, March 8, 2007.” He did not specify when, or how often, he had contacted them.
As to the record, during the March 8, 2007 hearing, the defendants’ counsel informed the court that while subpoenas had been issued for Hooper and Perkins, “the constables weren’t able to make it in hand.” The court responded, “On a week’s notice? How can anybody be expected to change their plans and appear here? That just isn’t going to happen. Mr. Bambara would well understand that nobody would do that.” To be sure, “ [i] t was for the court to determine whether there had been due diligence in trying to secure the attendance of the witnesses or to procure their depositions.” Noble v. Mead-Morrison Mfg. Co., 237 Mass. 5, 16 (1921). Further, “[w]hen atrial is... imminent as it was in this case, a judge may give weight to the public interest in the efficient operation of the trial list and to the interests of other parties who *30 are ready for trial.” Fontaine v. Ebtec Corp., 415 Mass. 309, 316 (1993). Given that the defendants had since January 18, 2007 to arrange for Hooper and Perkins to appear at, or provide depositions for, the March 8, 2007 trial date, we find no abuse of discretion by the court in denying the defendants’ continuance motion.
3. The defendants also challenge the trial court’s denial of their motion for a continuance based on inadequate preparation time. In that motion, dated March 2,2007, the defendants’ counsel stated that he had been retained on March 1,2007, and that forcing trial to go forward on March 8th would cause “gross injustice” to his clients.
“Whether to continue any judicial proceeding is a matter entrusted to the sound discretion of the judge, and his discretion will be upheld absent an abuse of that discretion.” Care & Protection of Quinn, 54 Mass. App. Ct. 117, 120 (2002). “In considering a request for a continuance, a trial judge should balance the movant’s need for additional rime against the possible inconvenience, increased costs, and prejudice which may be incurred by the opposing party if the motion is granted.” Matter of Brauer, 452 Mass. 56, 73 (2008), quoting Commonwealth v. Gilchrest, 364 Mass. 272, 276 (1973). Here, the defendants argue that Independence would not have been prejudiced by another continuance. While acknowledging that in summary process cases, “time is of the essence ... [because] time lost in regaining [real estate] from a party in illegal possession can represent an irreplaceable loss to the owner,” Moeder v. Tolczyk, 2001 Mass. App. Div. 69, 71, quoting commentary to Rule 1 of the Uniform Summary Process Rules, the defendants note that pursuant to the agreement for judgment, Independence had been in possession of the premises since September, 2005, and had then allowed its claim for unpaid rent to sit on the courts docket for nearly sixteen months.
Nevertheless, despite this apparent lack of prejudice to Independence, granting the defendants a continuance on the day of trial would have at least inconvenienced Independence, which had both its president and bookkeeper ready to testify. Further, beyond securing the presence of alleged material witnesses, for which the defendants sought additional time in a separate motion, the defendants failed to demonstrate why their counsel needed more time to prepare. He had the benefit of prior discovery conducted by the defendants’ prior counsel.[6] In addition, on the day before signing the March 2, 2007 motion to continue, new counsel had signed the defendants’ fourteen-page, seven-count complaint, not only demonstrating his familiarity with the case, but also belying that he was retained by the defendants, or only became familiar with the case, as late as March 1, 2007. On balance, the court’s adherence to the March 8, 2007 trial date was not an abuse of discretion.
4. Lastly, the defendants argue that the trial court erred in refusing to give a proposed jury instruction on the covenant of quiet enjoyment. Relying on Wesson v. Leone Enters., Inc., 437 Mass. 708 (2002), they contend that their covenant to pay rent and Independence’s covenant of quiet enjoyment were mutually dependent,[7] *31 that Independence breached its covenant by misrepresenting the building’s floor load capacity, and that this breach justified the defendants’ nonpayment of rent.
We disagree. The defendants have failed to include the proposed instruction in the record appendix, thus “fail[ing] to discharge [their] duty as appellants] of preparing and submitting a complete trial record containing all matters necessary for review of the issues raised on appeal.” Bohorquez v. Metropolitan Prop. & Cas. Ins. Co., 2000 Mass. App. Div. 226, 227 n.1. Nor does the record reflect that their attorney lodged a postcharge objection to the court’s failure to instruct on quiet enjoyment.[8] See Mass. R Civ. P., Rule 51(b) (“No party may assign as error... the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.”).
In any event, evenifthe defendants are correct that their covenant to pay rent was mutually dependent with Independence’s covenant of quiet enjoyment, the defendants’ sole remedy for breach by Independence was to terminate the lease and seek damages. The specific rule of mutually dependent covenants that the Court adopted in Wesson provides:
Except to the extent the parties to a lease validly agree otherwise, if the landlord fails to perform a valid promise contained in the lease to do, or to refrain from doing, something... and as a consequence thereof, the tenant is deprived of a significant inducement to the making of the lease, and if the landlord does not perform his promise within a reasonable period of time after being requested to do so, the tenant may (1) terminate the lease....
Id. at 720, quoting RESTATEMENT (SECOND) OF PROPERTY (LANDLORD AND TENANT) §7.1, at 124 (1977). The Court did not adopt the Restatement’s second provision, which permits a commercial tenant to withhold rent. Because “it is not the function of a trial court or this Appellate Division ‘to alter established rules of law governing principles of substantive liability,”’ Lepp v. M.S. Realty Trust, 2008 Mass. App. Div. 44, 49 n.8, quoting Burke v. Toothaker, 1 Mass. App. Ct. 234, 239 (1973), the trial court did not err in refusing the defendants’ proposed instruction.[9]
Judgment affirmed.
So ordered.

 The complaint contained the following counts: (1) breach of contract, (2) fraud, (3) frustration of purpose, (4) breach of the covenants of use and quiet enjoyment and warranty of habitability, (5) unjust enrichment and quantum meruit, (6) emotional distress, and (7) violation of G.L.c. 93A.

 The defendants’ consolidation motion was dated March 1,2007, and both continuance motions were dated March 2, 2007. All three motions were stamped “received” on March 2, 2007.

 The remainder of the issues raised in the defendants’ notice of appeal were not addressed in their appellate brief, and are thus deemed waived. Dist./Mun. Cts. R. A. D. A., Rule 16(a) (4); Morris v. Centola, 2001 Mass. App. Div. 39, 40..

 The docket sheet indicates that the defendants’ prior counsel requested both admissions and the production of documents from Independence.

 Article 8.2 of the parties’ lease provides that “Landlord agrees that upon Tenant’s paying the rent..., Tenant shall and may peaceably and quietly have, hold and enjoy the Premises during the Lease Term without any manner of hindrance or molestation from Landlord.”

 Although a sidebar conference was held following the court’s instructions to the jury, the record characterizes it as inaudible. The parties did not attempt to reconstruct the contents of that conference for inclusion in the record on this appeal. See Dist./Mun. Cts. R A. D. A., Rule 8C (c)(4); Spears v. NSTAR Gas Co., 2006 Mass. App. Div. 191, 192 n.3.

 The defendants might have had success in raising constructive eviction as a defense to Independence’s action for unpaid rent. See Wesson, supra at 713 (“Where there is a breach of the covenant of quiet enjoyment, the tenant may raise constructive eviction as a defense to an action to recover rent.”). But “[i]t is not the office of an appellate court to hypothesize a different theory of [defense] than that proffered by the parties at trial.” Beauregard v. Miles, 2007 Mass. App. Div. 3, 4 n.5. Further, that issue was not briefed by the defendants and is thus deemed waived. Dist./Mun. Cts. R A. D. A., Rule 16(a) (4); Morris, supra.