COMMONWEALTH *vs.* WILLIAM H. KELLEY, JR. No. 91-P-527. October 9, 1992. *Perjury.*

On September 30, 1988, the defendant, a Boston police officer, was called before a Suffolk County grand jury. He was asked how much he had paid for a Mercedes Benz automobile which he had purchased in California. The defendant answered under oath that he had paid $15,000. At his trial on an indictment charging him with perjury under G. L. c. 268, § 1, the Commonwealth established that the defendant had paid $20,000 for the automobile. There was, however, no proof of the materiality of the false answer to any matter then under investigation by the grand jury. We, therefore, conclude that it was error to deny his motion for a required finding of not guilty and reverse the conviction.

1. *The evidence.* Detective Edward W. Szalno testified that in 1988 he was assigned to the anti-corruption unit of the Boston police department. As a result of information in the possession of the unit, he conducted an investigation into the defendant's purchase of the automobile. Much testimony and many exhibits were put before the jury to show that the defendant purchased the automobile in California for $20,000. The Commonwealth also presented the transcript of the defendant's grand jury testimony in which he stated that he had paid $15,000.

2. *Materiality.* On an indictment charging perjury, the Commonwealth cannot satisfy its burden of proof by establishing only that the defendant's testimony was false. It must also show that the false testimony was material to any matter under investigation by the grand jury. See *Commonwealth* v. *Louis Constr. Co.*, 343 Mass. 600, 606-607 (1962). " 'Materiality in respect of perjury means relevance in the sense that the answer might tend in reasonable degree to affect some aspect or result of the inquiry;' and again, 'the test of relevancy and materiality is not whether the false testimony did in fact influence a pertinent determination. Instead, it must be decided whether, viewed objectively, the testimony directly or circumstantially had a reasonable and natural tendency to do so.' " *Commonwealth* v. *Cerveny*, 373 Mass. 345, 352 (1977), quoting from *Commonwealth* v. *Giles*, 350 Mass. 102, 110, 111 (1966). See *Commonwealth* v. *Baron*, 356 Mass. 362, 365-366 (1969); *Commonwealth* v. *Silva*, 401 Mass. 318, 324-325 (1987).

It was for the jury to determine whether the defendant's falsehood was material. See *Commonwealth* v. *McDuffee*, 379 Mass. 353, 364-365 (1979). In instructing the jury on materiality, the trial judge essentially tracked the language of *Commonwealth* v. *Giles*, 350 Mass. at 110. There

was, however, no evidence before the jury by which they could determine whether the defendant's statement as to the purchase price of the automobile was material to any matter under investigation by the grand jury.

There is information in the record, exhibits attached to the defendant's motion to dismiss the indictment, and the indictment itself, which gives some information concerning the matter under investigation by the grand jury: "illegal towing activities of State agencies, the city of Boston, and private companies." *Ventresco* v. *Commonwealth*, 409 Mass. 82, 82-83 (1991) (an unrelated matter but arising out of the same grand jury investigation). However, these exhibits were never introduced in evidence at trial. Further, even were we to assume that the jury had the indictment against the defendant with them during their deliberations, the indictment is an accusation and not evidence.

The evidence shows, at best, that the defendant's purchase of the automobile was of interest to the anti-corruption unit of the Boston police department. Even if it is reasonable to infer that the purchase was in some way relevant to the grand jury investigation, the inference does not assist the Commonwealth. Before the grand jury, the defendant admitted to the purchase. His falsehood concerned the price and not the purchase. The only evidence introduced by the Commonwealth concerning the grand jury investigation is four pages of the defendant's testimony: he purchased the automobile in California, he paid with a check in the amount of $20,000, and he was refunded $5,000, because of the automobile's radio system.

There is nothing in that grand jury testimony or any of the other exhibits or testimony offered at the defendant's trial upon which the jury reasonably could find that the price of the automobile was material to any matter under investigation by the grand jury. "Materiality must not only be alleged but proved by the Commonwealth." *Commonwealth* v. *Louis Constr. Co.*, 343 Mass. at 607. See also *Commonwealth* v. *Perreault*, 13 Mass. App. Ct. 1072, 1073 (1982).

3. *Conclusion.* We reverse the judgment of conviction against the defendant, set aside the verdict, and remand the case to the Superior Court for entry of a judgment of acquittal.

*So ordered.*

*Walter T. Healy* (*Roger Witkin* with him) for the defendant.

*James P. McKenna*, Assistant District Attorney (*Leonard J. Henson*, Assistant District Attorney, with him) for the Commonwealth.