COMMONWEALTH vs. THOMAS H. MOLLOY.

No. 96-P-1618.

Norfolk. October 22, 1997. - February 23, 1998.

Present: ARMSTRONG, BROWN, & SPINA, JJ.

*Abuse Prevention. Protective Order. Due Process of Law,* Abuse prevention, Notice. *Practice, Criminal,* Instructions to jury.

At the trial of a complaint for violation of a protective order that had been extended four times pursuant to G. L. c. 209A, § 3, the defendant was entitled to a required finding of not guilty, where the Commonwealth failed to demonstrate that the defendant either was served a copy of the final extended order, violation of which was alleged in the complaint, or had actual or constructive knowledge of its existence and terms. [308-309] BROWN, J., concurring.

At the trial of a complaint for violation of a protective order, the judge properly instructed the jury on the Commonwealth's burden to prove that the defendant knew the terms of the order in question. [309-310]

COMPLAINT received and sworn to in the Quincy Division of the District Court Department on April 30, 1996.

The case was tried before *Joseph R. Welch,* J.

The case was submitted on briefs.

*Kenneth J. DiFazio* for the defendant.

*Judith B. Stephenson,* Assistant District Attorney, for the Commonwealth.

SPINA, J. The defendant appeals from a conviction of violating an order issued pursuant to G. L. c. 209A, § 5, following trial by jury in the District Court for an incident that occurred on February 18, 1996. The defendant claims error in (1) the denial of his motion for a required finding of not guilty at the close of the Commonwealth's case on the ground that the Commonwealth failed to establish his knowledge of the existence and terms of the order on the day of the alleged violation, and (2) the adequacy of the judge's charge on the issue of the defendant's knowledge of that order. We reverse.

Under the standard described in *Commonwealth* v. *Latimore,* 378 Mass. 671, 666-667 (1979), the jury could have found the following facts. On May 9, 1992, the defendant's wife obtained a temporary order, ex parte, pursuant to G. L. c. 209A, § 4, that included a prohibition against his contacting her. The temporary order, which was served on him, contained a notice that a hearing would be held on May 11, 1992, for the purpose of determining whether the temporary order would be continued or modified. The defendant appeared at the designated time and place for the hearing, and the order was continued, unmodified, to November 10, 1992. The May 11, 1992, order contained the following notice: "The above Extension of Order expires on the expiration date indicated above. A hearing on whether to continue and/or modify the Order will be held on the date and time indicated," which was November 10, 1992, at 9 A.M. It also contained this notice: "The plaintiff must appear at scheduled hearings, or this Order may be vacated. The defendant may appear, with or without an attorney, to oppose any extension or expansion of this Order. If the defendant does not appear, an extended or expanded Order may remain in effect for up to one year."

The defendant and his wife appeared at the hearing on November 10, 1992, and the order was extended, unmodified, to November 10, 1993. The defendant and his wife attended the November 10, 1993, hearing, and the order was again extended one year to November 9, 1994, unmodified. The defendant's wife returned to court on November 9, 1994, and November 9, 1995,[1] to request extensions, which were granted, the last relevant extension expiring on November 12, 1996. All extension orders contained the notices previously quoted. The defendant did not appear at the 1994 and 1995 hearings, and there was no evidence in the Commonwealth's case-in-chief that he ever received notice of the 1994 and 1995 orders. The no-contact provision appeared in every order. There were slight modifications to other provisions of the 1994 and 1995 orders which are not relevant to this appeal.

The defendant was convicted of violating the November, 1995, order by virtue of a threatening telephone call he made to his wife at about 4 A.M. on February 18, 1996.

[1]The matter came before the District Court on November 9, 1995, and continued to November 13, 1995, at which time the order was extended to November 12, 1996. The defendant raises no issue as to the four-day continuance.

1. *Motion for required finding.* The defendant contends that his motion for a required finding of not guilty should have been allowed after the Commonwealth rested for want of evidence that he had been served a copy of the November, 1995, order. Personal service is not required, however, if the Commonwealth can show the defendant had actual or constructive knowledge of the existence and terms of the court order. See *Commonwealth v. Delaney*, 425 Mass. 587, 592 (1997), cert denied, 118 S. Ct. 714 (1998).

The defendant next contends the Commonwealth failed to show he had actual or constructive knowledge of the existence and terms of the 1995 order. The Commonwealth was required to prove that the defendant knew of the November, 1995, order. *Id.* at 596. The Commonwealth relies upon a footnote in *Delaney* for the proposition that since the defendant "knew of the process of how a protective order begins as a temporary order and could be extended after a hearing," he is held to know of the existence of the November, 1995, order, having been served the ex parte order and having attended one continuation hearing and two extension hearings. *Id.* at 591 n.5. Knowledge of the process is not the equivalent of knowledge of the existence and terms of a specific order. *Id.* at 592. In *Delaney*, the Supreme Judicial Court held that a defendant who is served with a copy of an ex parte *temporary* order advising him of his right to be heard at a scheduled hearing has actual and constructive notice that his failure to attend the scheduled hearing will necessarily result in the continuation of the served order by operation of law, namely, G. L. c. 209A, § 4.[2] *Delaney*, *supra* at 591. No similar result obtains with successive annual extensions.

The last hearing the defendant attended was on November 10, 1993, which resulted in an extension of the no-contact order to November 9, 1994. That order expired under its own terms on November 9, 1994. General Laws c. 209A, § 3, as inserted by St. 1990, c. 403, § 3, provides in relevant part:

> "Any relief granted by the court shall be for a fixed period of time not to exceed one year. Every order shall on its face state the time and date the order is to expire

---

[2]General Laws c. 209A, § 4, as inserted by St. 1990, c. 403, § 4, provides, in part: "If the defendant does not appear at such subsequent hearing, the temporary orders *shall* continue in effect *without further order of the court*" (emphasis added).

and shall include the date and time that the matter will again be heard. If the plaintiff appears at the court at the date and time the order is to expire, the court shall determine whether or not to extend the order for any additional time reasonably necessary to protect the plaintiff . . . ."

Thus, the defendant's wife was required to attend the extension hearing, and the court was required to hold a hearing. The extension of an annual order pursuant to § 3, in contrast to a § 4 continuation of a temporary order, is, however, by no means automatic, even if a defendant fails to appear. The last thing the defendant could be held to have known was that he could have no contact with his wife pursuant to a court order that expired on November 9, 1994. While the defendant could have gone to court on November 9, 1994, to ascertain whether his wife ever appeared and obtained an extension of the prior order, he was under no obligation to do so. Instead, he was entitled to rely upon the provisions of G. L. c. 209A, § 7, second par.,[3] and could expect to be served a copy of any extension order that issued. There was no evidence that anyone made a "conscientious and reasonable effort to serve . . . the defendant," or that some alternative means of service was used to notify him. *Zullo v. Goguen*, 423 Mass. 679, 681 (1996). There was evidence that the court had his correct address in its files.

The Commonwealth offered no evidence that the defendant was either served a copy of the November, 1995, order, or that he had actual knowledge of its existence and terms. We, therefore, conclude that the Commonwealth failed to establish an essential element of its case, and that denial of the defendant's motion for a required finding of not guilty was error.

2. *Jury instruction on knowledge.* The defendant claims error in that portion of the judge's instruction to the jury that required the Commonwealth to prove beyond a reasonable doubt "that the Defendant knew that the pertinent terms of the [o]rder were

---

[3]General Laws c. 209A, § 7, as inserted by St. 1990, c. 403, § 8, second par., provides in relevant part: "Whenever the court orders under section[] . . . three . . . of this chapter . . . the defendant to . . . have no contact with the plaintiff . . . the clerk-magistrate shall transmit two certified copies of each such order . . . to the appropriate law enforcement agency which, unless otherwise ordered by the court, shall serve one copy of each order upon the defendant . . . ."

in effect, either by having received a copy of the [o]rder or by having learned of them in some other way." In particular, he claims error in the judge's failure to instruct that the Commonwealth was required to prove service. There was no objection to the judge's instruction, which was taken from the Model Jury Instructions for Use in the District Court, Instruction 5.61 (1995). The instruction was a correct statement of the law. See *Commonwealth* v. *Delaney*, 425 Mass. at 595.

The judgment of conviction is reversed, the verdict is set aside, and a new judgment is to be entered for the defendant.

*So ordered.*

BROWN, J. (concurring). I think the judge properly could have denied the defendant's motion for a required finding of not guilty, but for one major misstep by the Commonwealth. The defendant testified on his own behalf and acknowledged that he knew of the extension order directing him to surrender all firearms in his possession (issued November 9, 1994). He also acknowledged that he was subjected to a probation surrender hearing in 1995 involving an allegation that he violated the restraining order. Further, he implicitly acknowledged that he knew of the 1995 order. In light of this evidence, the jury properly could have inferred that the defendant had actual knowledge of all the orders that had been issued in his case.

Thus, the defendant's argument that the Commonwealth failed to establish his knowledge of the existence of the 209A order on the day of the alleged violation collapses. That said, I agree that the defendant prevails in this matter because this inculpatory evidence did not come in until after the close of the Commonwealth's case.