NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

18-P-1397                                          Appeals Court

COMMONWEALTH  vs.  MICHAEL J. TIERNAN.

No. 18-P-1397.

Middlesex.      September 5, 2019. - November 22, 2019.

Present:  Blake, Ditkoff, & McDonough, JJ.

Abuse Prevention.  Protective Order.  Due Process of Law, Abuse
     prevention, Notice.  Notice.


     Complaint received and sworn to in the Cambridge Division
of the District Court Department on September 30, 2011.

     The case was tried before Roanne Sragow-Licht, J.


     Andrea Lance for the defendant.
     Chia Chi Lee, Assistant District Attorney, for the
Commonwealth.


     BLAKE, J.  Following a jury trial in the District Court,

the defendant, Michael J. Tiernan, was convicted of violating an

abuse prevention order pursuant to G. L. c. 209A, § 7 (209A

order).  On appeal, he claims that the evidence was insufficient

to show that he had knowledge of the 209A order and that he

violated it.  He also claims the judge improperly admitted

hearsay evidence. Concluding that the Commonwealth did not put forth sufficient evidence to prove that the defendant was served with the 209A order, or that he otherwise had knowledge of it, we reverse.

Background. The jury could have found the following facts. The victim and the defendant began dating in late 2007. The victim ended the relationship in November 2008. On June 18, 2009, the victim applied for and obtained an ex parte 209A order against the defendant. Among other things, the 209A order prohibited the defendant from contacting the victim and ordered him to stay at least one hundred yards away from her. It also ordered the defendant to stay away from the victim's residence but did not specify the distance that the defendant was ordered to remain from the victim's residence.

At a hearing on June 29, 2009, at which both parties appeared, the 209A order was extended until July 13, 2009.[1] The defendant was served with this order in hand the following day. On July 13, 2009, both parties appeared at the hearing and the 209A order was extended for one year to July 13, 2010. The defendant was served with the extended order at that hearing. The following year, on July 13, 2010, only the victim appeared

---

[1] With one exception not relevant here, no modifications appear to have been made to the 209A order at any of the extension hearings.

at the hearing; the 209A order was extended until July 13, 2011. The Commonwealth presented no evidence that the defendant was served with that order.[2]

On August 21, 2010, the victim was returning home when she noticed a black Cadillac Escalade sport utility vehicle (SUV) that she recognized as belonging to the defendant in the driveway of a home on Mystic Valley Parkway, which was parallel to the street on which she lives. She went directly home and called the police. Officers Chris Gallagher and Brett Blanciforti of the Arlington Police Department responded to the victim's home.

The victim informed Officer Gallagher that she had a 209A order against the defendant and that she had seen his SUV on a nearby street while on her way home. She also provided a copy of the 209A order to the police.

Officer Blanciforti went to the Mystic Valley Parkway address and saw a black Cadillac Escalade SUV parked in the driveway. A check of the license plate confirmed that the SUV was registered to the defendant. Officer Gallagher joined

---

[2] The Commonwealth concedes that it failed to prove that the defendant was served with the July 13, 2010, 209A order. Having reviewed the record, we agree. See Commonwealth v. McClary, 33 Mass. App. Ct. 678, 686 n.6 (1992), cert. denied, 510 U.S. 975 (1993) ("The Commonwealth's 'admission of error' does not relieve us of our appellate function of determining whether error was committed").

Officer Blanciforti at the address and they then saw two people -- one of whom was later identified as the defendant -- leave the home and cross the street toward a park.  The police followed the defendant into the park, confirmed his identity, and arrested him.  The police told the defendant that he was in violation of the 209A order because the victim "lived on [a street] which was under 100 yards."  The defendant indicated that he understood.  The victim did not have any contact with the defendant on that day.

Discussion.  1.  Standard of review.  We review the denial of a required finding of not guilty by determining "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis and citation omitted).  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).

To establish a violation of an abuse prevention order, "the Commonwealth must prove that (1) a valid G. L. c. 209A order was entered by a judge and was in effect on the date of the alleged violation; (2) the defendant violated the order; and (3) the defendant had knowledge of the order."  Commonwealth v. Silva, 431 Mass. 401, 403-404 (2000).  Intent to violate the order is not necessary, and the statute "requires no more knowledge than that the defendant knew of the order."  Commonwealth v.

Telcinord, 94 Mass. App. Ct. 232, 241 n.17 (2018), quoting Commonwealth v. Delaney, 425 Mass. 587, 596 (1997), cert. denied, 522 U.S. 1058 (1998).

2. Service of the extended order. As a general rule, when a court issues, extends, or modifies an abuse prevention order, "the register or clerk-magistrate shall transmit two certified copies of each such order and one copy of the complaint and summons forthwith to the appropriate law enforcement agency which . . . shall serve one copy of each order upon the defendant, together with a copy of the complaint, order and summons." G. L. c. 209A, § 7. If the defendant is not served in accordance with § 7, however, "that failure of service is not fatal to a conviction." Commonwealth v. Griffen, 444 Mass. 1004, 1005 (2005). Evidence that the defendant received actual or constructive notice can be used to meet the knowledge element of the crime. See M.M. v. Doucette, 92 Mass App. Ct. 32, 37-38 (2017). See also Commonwealth v. Olivo, 369 Mass. 62, 68 (1975), quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940) ("the adequacy of notice so far as due process is concerned is dependent on whether the form of notice is 'reasonably calculated to give . . . actual notice of the proceedings and an opportunity to be heard'"). In those circumstances, the Commonwealth must prove beyond a reasonable doubt that the defendant had knowledge of the order and its relevant

provisions. See Griffen, supra. See also Commonwealth v. Reddy, 85 Mass. App. Ct. 104, 109 (2014), and cases cited.

Here, the Commonwealth argues that the constructive notice analysis in Delaney, 425 Mass. at 591-593, applies to this case. In Delaney, the Supreme Judicial Court held that failure of service of the first extension of a 209A order is not fatal to a conviction of violating it where the defendant was properly served with the ex parte 209A order, and the law mandated that an extension of the ex parte 209A order enter if the defendant failed to appear at the first extension hearing.[3] Id. at 588, 590-592. The court reasoned that service of the ex parte order put the defendant on constructive notice of the possibility of an extended order; as such, "a party may not 'shut his eyes to the means of knowledge which he knows are at hand, and thereby escape the consequences which would flow from the notice if it had actually been received.'" Id. at 592, quoting Olivo, 369 Mass. at 69.

---

[3] General Laws c. 209A, § 4, provides in relevant part: "[T]he court may enter such temporary relief orders without notice as it deems necessary to protect the plaintiff from abuse and shall immediately thereafter notify the defendant that temporary orders have been issued. The court shall give the defendant an opportunity to be heard on the question of continuing the temporary order. . . . If the defendant does not appear at such subsequent hearing, the temporary orders shall continue in effect without further order of the court."

The procedural posture of this case, however, is distinct from that in Delaney and is governed in all material respects by Commonwealth v. Molloy, 44 Mass. App. Ct. 306 (1998). In Molloy, the defendant appeared at three extension hearings but did not appear for the fourth and fifth successive annual extensions of the 209A order, and he was not served with the extension orders. Id. at 307. The defendant was convicted of violating the 209A order after the fourth and fifth extensions, and this court reversed, holding that the constructive notice analysis in Delaney did not apply to successive annual extensions of a 209A order. Id. at 308-309. The court reasoned that, unlike in Delaney, extension was not mandated if the defendant failed to appear,[4] and the defendant "was entitled to rely upon the provisions of G. L. c. 209A, § 7, . . . and could expect to be served a copy of any extension order that issued."[5]

---

[4] General Laws c. 209A, § 3, provides in relevant part: "If the plaintiff appears at the court at the date and time the order is to expire, the court shall determine whether or not to extend the order for any additional time reasonably necessary."

[5] Notably, since Delaney and Molloy, the Legislature amended § 7, see St. 2014, c. 260, § 14, to provide for additional notice to defendants:

"Law enforcement agencies shall establish adequate procedures to ensure that, when effecting service upon a defendant pursuant to this paragraph, a law enforcement officer shall, to the extent practicable: (i) fully inform the defendant of the contents of the order and the available penalties for any violation of an order or terms thereof and (ii) provide the defendant with informational

Molloy, supra at 309. Here, because there was no service of the July 13, 2010, extension of the 209A order, the Commonwealth had the burden of proving that the defendant had actual knowledge of the order.

The Commonwealth contends that the defendant's indication to the police that he "understood" why he was being arrested was sufficient to show knowledge of the extension of the 209A order. Without more than the officer's testimony that the defendant indicated that he understood why he was being arrested, this was not an inference that the jury could draw. Compare Commonwealth v. Mendonca, 50 Mass. App. Ct. 684, 688 (2001) (affirming judgment where victim testified she told defendant "a few times" that he was not permitted to call, and he responded that he "didn't believe" in abuse prevention orders), with Commonwealth v. Welch, 58 Mass. App. Ct. 408, 410-411 (2003) (reversing judgment where victim testified that "[o]nce or twice maybe" she had telephone conversation with, and told defendant about, order but did not testify to any further details).

------

resources, including, but not limited to, a list of certified batterer intervention programs, substance abuse counseling, alcohol abuse counseling and financial counseling programs located within or near the court's jurisdiction."

Conclusion.  As to the defendant's conviction of violating an abuse prevention order, the judgment is reversed, the verdict is set aside, and judgment shall enter for the defendant.[6]

So ordered.

---

[6] We need not reach the defendant's remaining contentions in light of our disposition.