NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-477

COMMONWEALTH

vs.

DERUNN FUNCHES.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Boston Municipal Court, the defendant, Derunn Funches, appeals from two convictions of violating an abuse prevention order, G. L. c. 209A, § 7 (209A order).  As to the conviction based on the defendant's conduct in June 2021 (Juneteenth contact), the Commonwealth concedes that it did not prove the defendant knew of the relevant 209A order.  We agree, and accordingly reverse that conviction.  As to the conviction based on the defendant's contacting the victim on July 28, 2020, by the social media platform Instagram (Instagram contact), he argues that the judge erred in admitting

---

[1] We spell the defendant's name as in the complaints.

(1) the victim's testimony that their romantic relationship was "[v]ery toxic, very abusive," (2) an Instagram message the victim received from an account with a username containing "slimdealz," which the victim testified was the defendant's Instagram handle and nickname, and (3) a redacted Federal indictment stating that he was known as "Slim Dealz." We affirm the defendant's conviction based on the Instagram contact.

Background. The defendant and the victim first met when the victim was a teenager and they dated from about 2018 to 2020. Beginning in about 2012, they communicated with each other by Instagram. The defendant's Instagram handle included his nickname, "Slimdealz."

The relationship broke up by April 25, 2020, when the victim obtained a 209A order requiring that the defendant have no contact with her and stay at least one hundred yards away from her. At a hearing on May 8, 2020, which the defendant attended, a judge extended the 209A order until May 7, 2021, and scheduled a new extension hearing for that date.

The victim set her Instagram account to restrict messages from the defendant. In July 2020, she made an Instagram post commemorating the recent death of her uncle. In response, she received an Instagram direct message from the defendant that read, "I no I'm not suppose to speak to u but I'm sorry RIP."

2

On May 7, 2021, the defendant did not attend the extension hearing on the 209A order. The victim did appear, and a judge extended the 209A order for another year.

In June 2021, at a Juneteenth celebration at a public park, the defendant made eye contact with the victim and walked over to about fourteen feet away from her. The victim reported the Juneteenth contact to the Boston police, and it was investigated by Officer Ashley Sena and Detective David Williams.

Based on the Instagram contact and the Juneteenth contact, the defendant was charged in two complaints for violation of a 209A order. The defendant moved to dismiss the complaint pertaining to the Instagram contact on the ground that the police report of Officer Anthony Parham submitted in support of the application for that complaint, which stated that the contact had been by Facebook rather than Instagram, did not establish probable cause. The judge denied the motion to dismiss. At trial, a jury convicted the defendant of both violations. The defendant appeals.

Discussion. 1. Knowledge of May 7, 2021 extension of 209A order. The Commonwealth concedes that at trial it had failed to prove that at the time of the Juneteenth contact the defendant knew that the 209A order had been extended. We agree with the

3

Commonwealth's concession.[2]  See Commonwealth v. Tiernan, 96

Mass. App. Ct. 588, 589 n.2 (2019).  To convict the defendant of

violating a 209A order, the Commonwealth was required to prove

that "the defendant had knowledge of the order" (citation

omitted).  Id. at 590.  The Commonwealth did not introduce any

such evidence.  Because the defendant had not appeared at the

most recent extension hearing, "[t]he last thing the defendant

could be held to have known was that he could have no contact

with [the victim] pursuant to a court order that expired on [May

7, 2021]."  Commonwealth v. Molloy, 44 Mass. App. Ct. 306, 309

(1998).  Contrast Commonwealth v. Henderson, 434 Mass. 155, 162

(2001) (personal service of extended order not required and

notice of subsequent hearing sufficient, because order was

extension of temporary order pursuant to G. L. c. 209A, § 4).

We reverse the defendant's conviction based on the Juneteenth

contact.[3]

---

[2] There is no similar flaw as to proof of the defendant's knowledge of the 209A order on which his conviction for the Instagram contact was based.  The defendant received notice of that 209A order in person at the May 8, 2020 hearing.  See Tiernan, 96 Mass. App. Ct. at 589.  Further, the content of his Instagram message, "I no I'm not suppose to speak to u," proved that he knew of the 209A order.  See Commonwealth v. Gonsalves, 99 Mass. App. Ct. 638, 640 (2021) (defendant's text messages that victim "put papers on" him proved notice).

[3] In his brief, the defendant argues that the judge erred in denying him a continuance of trial to obtain testimony of Officer Sena and Detective Williams about the Juneteenth contact.  Putting aside that at trial the defendant stipulated

2. _Evidentiary issues._ As to the conviction based on the Instagram contact, the defendant argues that the judge erred in admitting (1) the victim's testimony that her relationship with the defendant was "[v]ery toxic, very abusive," (2) the Instagram message to the victim from the "slimdealz" account, and (3) a redacted Federal indictment. Because the defendant raised these issues in motions in limine and then objected during trial on the same grounds, we review for prejudicial error. See Commonwealth v. Hayes, 102 Mass. App. Ct. 455, 465 (2023). See also Commonwealth v. Grady, 474 Mass. 715, 719 (2016). We conclude there was no prejudicial error.

a. _Prior hostile relationship._ The defendant contends that the judge "allow[ed] the Commonwealth to admit a previously tried (and found not guilty) 209[A] violation for the purpose of establishing that the relationship existed previously and that

---

to the testimony of those two witnesses based on their police reports, our reversal of the conviction based on the Juneteenth contact renders that claim moot. See Commonwealth v. Tavares, 482 Mass. 694, 695 n.2 (2019). At oral argument, the defendant's counsel argued that the defendant also sought the continuance to procure Officer Parham's testimony about the Instagram contact. However, the defendant did not argue at trial or in his appellate brief that he sought Officer Parham's testimony, and so he waived that claim. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("The appellate court need not pass upon questions or issues not argued in the brief").

it soured and turned hostile."  That is not an accurate description of what transpired at trial.

The Commonwealth moved in limine to admit evidence of the defendant's prior bad acts to show the hostile relationship between him and the victim.  The judge precluded the Commonwealth from introducing evidence of a 2020 incident "because [the defendant] was found not guilty by a jury" in a criminal case arising from it.  See Commonwealth v. Dorazio, 472 Mass. 535, 547 (2015) (prior bad act that resulted in acquittal not admissible).  No evidence as to that incident was admitted, and so that claim of the defendant on appeal is baseless.

The judge did rule that the Commonwealth could introduce evidence that the defendant and the victim "were in a dating relationship," and that "it turned hostile."  The victim then testified, over the defendant's objection, that the dating relationship between her and the defendant was "[v]ery toxic, very abusive."  That was permissible testimony.  See Commonwealth v. Oberle, 476 Mass. 539, 550-552 (2017) (victim's testimony about defendant's prior domestic violence admissible).

b.  Instagram message.  The defendant argues that the judge erred in admitting evidence of the Instagram message from "slimdealz" to the victim.  He argues that the judge failed to make a threshold determination that it was authenticated as authored by the defendant.  See Commonwealth v. Meola, 95 Mass.

6

App. Ct. 303, 308 (2019) ("In the case of a digital communication that is relevant only if authored by the defendant, a judge is required to determine whether there is sufficient evidence to persuade a reasonable trier of fact that it is more likely than not that the defendant was the author"). The argument is unavailing.

The defendant moved in limine to exclude the Instagram message because Officer Parham's report had referred to it as a Facebook message. In ruling to deny that motion, the judge probed the basis of the Commonwealth's proof establishing the authenticity of the Instagram message. That sufficed as a threshold determination.

We agree with the judge that there were adequate "confirming circumstances" to establish by a preponderance of evidence that the defendant wrote the Instagram message. Commonwealth v. Purdy, 459 Mass. 442, 450 (2011). The victim testified that beginning in about 2012, the defendant had communicated with her using an Instagram handle containing "slimdealz," which was his nickname. See Commonwealth v. Alden, 93 Mass. App. Ct. 438, 440 (2018), cert. denied, 587 U.S. 987 (2019) (defendant's prior use of telephone number was evidence he sent text messages). Contrast Commonwealth v. McMann, 97 Mass. App. Ct. 558, 560-561 (2020) (Instagram message not authenticated, where evidence did not establish that defendant

7

and victim previously communicated through Instagram).  The Instagram message was sent from an account bearing the defendant's "distinctive nickname," Commonwealth v. Welch, 487 Mass. 425, 442 (2021), and displaying his profile photograph, see Purdy, supra at 451 (e-mail messages were authenticated by attached photograph of defendant).  The contents of the Instagram message also authenticated it:  the jury could infer that the statement "I no I'm not suppose to speak to u" provided a basis to believe that the sender was the defendant, who was forbidden by the 209A order from contacting the victim.  See Welch, supra at 441-442 (text messages contained private details of defendant's and victim's lives, including recent arrest).

c.  Federal indictment.  The defendant argues that the judge erred in admitting as an exhibit a heavily redacted copy of a Federal indictment.  The unredacted portion included part of the caption that read, "UNITED STATES OF AMERICA v. . . . DERONN FUNCHES, a/k/a 'Slim Dealz.'"[4]  The defendant argues that the judge should have excluded the exhibit because the risk of

---

[4] We note that the Federal indictment spelled the defendant's first name as "Deronn," but the complaint arising from the Instagram contact spelled it "Derunn."  Also, the Federal indictment spelled his nickname "Slim Dealz," while the Instagram screenshot spelled it "slimdealz."  The defendant does not argue that those discrepancies prejudiced him, and so we do not consider that issue.

unfair prejudice outweighed its probative value.[5]  See

Commonwealth v. Crayton, 470 Mass. 228, 249 & n.27 (2014).

The Commonwealth moved in limine to introduce the redacted

Federal indictment as evidence that the defendant was known as

"Slim Dealz," which tended to prove the authenticity of the

Instagram message.  The judge ruled that the prosecutor could

introduce the indictment for the limited purpose of proving that

fact.

During trial, the victim testified repeatedly that the

defendant's Instagram handle included his nickname, "Slimdealz."

Then the prosecutor showed her the redacted indictment, and she

testified, without objection, that it stated the defendant's

name, "a/k/a Slimdealz."  When the prosecutor offered the

document into evidence, defense counsel objected, and the judge

overruled the objection.  The judge gave a limiting instruction,

telling the jury:

> "It's not being introduced to show that [the defendant] has
> a bad character, or he was involved in other criminal
> activity, and you are not to accept it or draw any of that
> conclusion.  It's being introduced to establish that [the
> defendant], at some point in time, was also known as
> SlimDealz . . . .  You are not to infer that the fact that
> this is a court document that that establishes any

---

[5] At oral argument, the defendant argued that only the first page of the nine-page indictment should have been admitted. Because he raised this claim for the first time at oral argument, we do not consider it.  See Mass. R. A. P. 16 (a) (9) (A).

9

wrongdoing or any criminal involvement . . . or any prior
bad acts."

Before the jury, no one referred to the exhibit as an
indictment; the prosecutor said it was "a court filing," and the
judge described it as "a [F]ederal document."

We agree with the defendant that the redacted Federal
indictment had little or no probative value.  An indictment is
merely an accusation and not evidence.  See Commonwealth v.
Rodriguez, 92 Mass. App. Ct. 774, 783 (2018) ("Indictments have
no probative value or evidentiary significance").  See also
Commonwealth v. Kelley, 33 Mass. App. Ct. 934, 935 (1992).
Contrast Commonwealth v. Collins, 496 Mass. 151, 157-158 (2025)
(redacted criminal docket admissible to prove defendant was
convicted of felony and thus ineligible to obtain firearm
license).  Even less probative is the unredacted portion of this
indictment -- the caption naming the defendant and asserting
that he was known as "Slim Dealz" without stating any basis of
knowledge for that information.  Cf. Commonwealth v. Wardsworth,
482 Mass. 454, 467-469 (2019) (police testimony that defendant's
name had been "entered into the database as a [gang] associate"
inadmissible).

However, admission of the redacted Federal indictment posed
very little risk of unfair prejudice.  Most importantly, the
information in the exhibit was cumulative of the victim's

10

testimony that the defendant's nickname and Instagram handle were both "slimdealz," and of the Instagram message itself, which evidenced that the sender was forbidden from communicating with the victim.  See Commonwealth v. Wilson, 427 Mass. 336, 348 (1998) ("improperly admitted hearsay did not prejudice the defendant because it was merely cumulative of properly admitted evidence").  As in Collins, 496 Mass. at 157, the exhibit was heavily redacted.  The jury was not told that it was an indictment, and the judge instructed that the jury could not consider it as evidencing "any criminal involvement."  See Commonwealth v. Samia, 492 Mass. 135, 149 (2023) ("proper jury instructions can render potentially prejudicial evidence harmless").  Though we are troubled by the prosecutor's reference in closing to the exhibit as a "court finding," which the Commonwealth conceded at oral argument was improper, we conclude that the risk of unfair prejudice did not outweigh the probative value of the redacted Federal indictment.

Conclusion.  The judgment on complaint no. 2206CR000022, charging a 209A violation arising from the defendant's Juneteenth contact, is reversed, the verdict is set aside, and judgment shall enter for the defendant.  The judgment on

11

complaint no. 2106CR000039, charging a 209A violation arising from the defendant's Instagram contact, is affirmed.

<u>So ordered</u>.

By the Court (Ditkoff, Hand & Grant, JJ.[6]),

*Paul Little*

Clerk

Entered: August 26, 2025.

---

[6] The panelists are listed in order of seniority.